IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ASHLEY WIGGINS, and
KASIE WISE,

    Plaintiffs,

v.                                                    Case No.:

LARRY R. WINCELOWICZ, in his
Individual capacity,

    Defendant.
_____/

## PLAINTIFFS' COMPLAINT FOR DAMAGES

COMES NOW Plaintiffs, ASHLEY WIGGINS and KASIE WISE (hereinafter "Plaintiffs"), by and through the undersigned attorneys, and hereby files this Complaint against Defendant, LARRY R. WINCELOWICZ (hereinafter "Defendant" or "Officer"), in his individual capacity, and alleges the following:

### JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 over Plaintiffs' claims under the U.S. Constitution, which are brought both directly and under 42 U.S.C. § 1983.

2. Venue is proper in the District under 28 U.S.C. § 1391(b)(2). All of the events giving rise to this Complaint occurred within this District and specifically, Lee County, Florida.

### PARTIES

3. At all times relevant hereto, Plaintiff, ASHLEY WIGGINS, resides in the State of Florida and is a citizen of the United States of America.

4. At all times relevant hereto, Plaintiff, KASIE WISE, resides in the State of Florida

and is a citizen of the United States of America.

5. At all times relevant hereto, Defendant, LARRY R. WINCELOWICZ, was a citizen of the United States and a resident of the State of Florida and was acting under color of state law in his capacity as a law enforcement officer employed by the Lee County Sheriff's Office. Defendant is sued in his individual capacity.

## FACTUAL ALLEGATIONS

6. On September 27, 2024, Plaintiff, ASHLEY WIGGINS, a 39-year-old female, and Plaintiff, KASIE WISE, a 43-year-old female, were involved in an auto accident which occurred at 20500 North River Road, Alva, Florida. The Plaintiff, ASHELY WIGGINS was the operator of a vehicle that ultimately lost control at approximately 9:15 PM that evening. Six individuals were in this vehicle and 9-1-1 was called immediately after the accident. Plaintiff, KASIE WISE, was one of the six occupants of the vehicle involved in the accident.

7. Nearly three (3) hours following the accident, a deputy from the Lee County Sheriff's Office, Officer Wincelowicz arrived. The Defendant insisted on keeping the Plaintiffs in a field exposed to the elements and without water and sought to take a statement, which the Plaintiffs consensually provided separately.

8. Following the accident, and to ensure proper medical attention was provided to the other occupants in the vehicle, KASIE WISE, left the scene of the accident to obtain a secondary vehicle to assist in hospital transfers for friends and her husband. Upon returning back to the scene while operating said secondary vehicle, Defendant made contact with WISE and detained her on the scene under the suspicion of driving under the influence. Zero indications of intoxication were present, and while the Defendant's written reports regarding this incident label every buzz-word imaginable to warrant probable cause for an arrest, the body-worn camera footage tells a drastically

2

different story.

9. Meanwhile, ASHLEY WIGGINS, was also being detained by the Defendant under suspicion of driving under the influence. As both Plaintiffs were eager to ensure the safety of their husband's and friends they voluntarily consented to a field sobriety test knowing their sobriety would bring finality to the frivolous and violative investigation of Defendant.

10. At the scene, the Plaintiffs successfully completed all tasks that were asked of her and competently answers questions directed to her while performing the field sobriety examination. The Officer, despite the video evidence being explicitly clear of these facts inserts the common regurgitation of "impairments" when none are evident from the body-worn camera footage. As can be seen in this footage the Plaintiffs comply with, complete, and perform every task asked of them. Nonetheless, acting without probable cause the Defendant placed the Plaintiff, ASHLEY WIGGINS under arrest for Felony DUI. Defendant then places, KASIE WISE, under arrest for Driving Under the Influence, a misdemeanor.

11. After being placed under arrest, the Plaintiffs were taken to jail for processing and was finally given a breathalyzer test. A breath sample revealed 00.00 as the result for both Plaintiffs. Subsequently, and while still in custody, Officer Wincelowicz then takes the Plaintiffs to the hospital – frustrated with the lack of validation as to his baseless suspicions of intoxication via alcohol consumption turns to possible substance abuse. Desperate to find some evidence, and without any probable cause whatsoever, the Officer invited a trained DRE (Officer Hall) to assist in the investigation.

12. Following Officer Hall's involvement, the Plaintiffs were escorted through the hospital, in handcuffs, and at the Defendant's insistence given a series of medical examinations. The cost of which was borne directly by the Plaintiffs despite no medical need for such treatment.

13. Plaintiff, KASIE WISE, was examined initially and simply because according to the Defendant and Officer Hall, her pupils were now a different size, she was released from her handcuffs and Ms. Wise was told she likely failed the field sobriety tests because of brain injuries or trauma from the car accident.

14. Plaintiff, ASHLEY WIGGINS, unfortunately was forced to succumb to a more thorough medical review and drug testing – all of which came back with no indications of intoxication. Finally, her handcuffs were removed. She was then taken for a CAT scan, and when WIGGINS returned and the Defendant was gone.

15. At approximately 4:00 AM the next morning, the Plaintiffs are finally released from the hospital but not without an absurd invoice for medical care that they incurred due to the Lee County Sheriff's Office's insistence on them seeking treatment to "prove" they were impaired. This invoice, which totals $43,918.30, for Ms. WIGGINS and thousands for Ms. WISE.

16. Plaintiffs brings federal constitutional claims against the Defendant, in his individual capacity, for committing acts under color of law that deprived Plaintiffs of their rights under the Constitution.

## CLAIM FOR RELIEF

### COUNT – 1:
42 U.S.C. § 1983 – Unlawful Arrest in violation of the Fourth Amendment of ASHELY WIGGINS

17. Plaintiff, ASHLEY WIGGINS, realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 10 of this Complaint.

42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities

secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…..

18. The Defendant to this claim is a person for purposes of 42 U.S.C. § 1983.

19. The Defendant at all times relevant hereto were acting under the color of state law in their capacities as a Deputy/ Officer for LCSO and their acts or omissions were conducted within the scope of her official duties or employment.

20. At the time of the complained of events, Ms. WIGGINS had a clearly established constitutional right under the Fourth to be secure in her person from unreasonable seizure and arrest.

21. Any reasonable LCSO Deputy/Officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

22. The Defendant intentionally committed acts that violated WIGGINS'S constitutional right to not be arrested without probably cause; to wit:

   a. Having no visual ques of inebriation or intoxication,
   b. No indication of blood shot eyes, or slurred speech,
   c. No breathalyzer results indicating any amount of alcohol in the Plaintiff's system,
   d. No inability of Plaintiff to answer the Defendant's questions directly and clearly,
   e. No evidence of illicit substances or consumption of same.

23. The acts or omissions of the Defendant described herein intentionally deprived Ms. WIGGINS of her constitutional rights and caused her other damages. The Defendant is not entitled to qualified immunity for his actions.

24. As a proximate result of the Defendant's unlawful conduct, Ms. WIGGINS has incurred general and special damages, including medical expenses and other special damages related expenses, in amounts to be established at trial.

25. In addition to compensatory, economic, consequential and special damages, Plaintiffs are entitled to punitive damages against the individually named Defendant under 42 U.S.C. § 1983, in that the actions of this individual Defendant have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Ms. WIGGINS.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment for compensatory damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering in excess of $100,000.00;

2. Judgment for exemplary or punitive damages;

3. Cost of suit;

4. Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

5. Trial by jury as to all issues so triable; and

6. Such other relief as this Honorable Court may deem just and appropriate.

## CLAIM FOR RELIEF

### COUNT – 2:
42 U.S.C. § 1983 – Unlawful Arrest in violation of the Fourth Amendment of KASIE WISE

26. Plaintiff, KASIE WISE, realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 10 of this Complaint.

42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…..

27. The Defendant to this claim is a person for purposes of 42 U.S.C. § 1983.

28. The Defendant at all times relevant hereto were acting under the color of state law

in their capacities as a Deputy/ Officer for LCSO and their acts or omissions were conducted within the scope of her official duties or employment.

29. At the time of the complained of events, Ms. WISE had a clearly established constitutional right under the Fourth to be secure in her person from unreasonable seizure and arrest.

30. Any reasonable LCSO Deputy/Officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

31. The Defendant intentionally committed acts that violated WISE'S constitutional right to not be arrested without probably cause; to wit:

    a. Having no visual ques of inebriation or intoxication,

    b. No indication of blood shot eyes, or slurred speech,

    c. No breathalyzer results indicating any amount of alcohol in the Plaintiff's system,

    d. No inability of Plaintiff to answer the Defendant's questions directly and clearly,

    e. No evidence of illicit substances or consumption of same.

32. The acts or omissions of the Defendant described herein intentionally deprived Ms. WISE of her constitutional rights and caused her other damages. The Defendant is not entitled to qualified immunity for his actions.

33. As a proximate result of the Defendant's unlawful conduct, Ms. WISE has incurred general and special damages, including medical expenses and other special damages related expenses, in amounts to be established at trial.

34. In addition to compensatory, economic, consequential and special damages, Plaintiffs are entitled to punitive damages against the individually named Defendant under 42 U.S.C. § 1983, in that the actions of this individual Defendant have been taken maliciously,

willfully or with a reckless or wanton disregard of the constitutional rights of Ms. WISE.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment for compensatory damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering in excess of $100,000.00;

2. Judgment for exemplary or punitive damages;

3. Cost of suit;

4. Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

5. Trial by jury as to all issues so triable; and

6. Such other relief as this Honorable Court may deem just and appropriate.

**PLAINTIFFS REQUESTS A TRIAL BY JURY.**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated: October 7, 2025.

Respectfully submitted,